1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

E-Filed 10/6/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GLENN SUNKETT,                                    No. C 14-0069 RS (PR)

       Petitioner,                              **ORDER STAYING PETITION**

     v.

WARREN MONTGOMERY, Warden,

       Respondent.
_____/

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions.  Respondent correctly contends in his motion to dismiss that the petition contains unexhausted claims. Consequently, and in response to petitioner's motion to stay, the petition is STAYED to allow for exhaustion.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and

United States District Court
For the Northern District of California

1   every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*,

2   455 U.S. 509, 515–16 (1982).  In fact, a federal district court may not grant the writ unless

3   state court remedies are exhausted or there is either "an absence of available state corrective

4   process" or such process has been "rendered ineffective."  *See* 28 U.S.C. § 2254(b)(1)(A)–

5   (B).  If available state remedies have not been exhausted as to all claims, the district court

6   must dismiss the petition.  *See Lundy*, 455 U.S. at 510.

7       Respondent is correct that the petition is mixed.  A review of the record shows that

8   Claims 1 (the prosecution evidence supported the defense's alibi defense and the jury erred

9   in finding petitioner guilty beyond a reasonable doubt), 2 (identification process was flawed),

10  8 (counsel's failure to make a pretrial motion and a motion at the close of the prosecution's

11  case), 9 (counsel failed to prepare or present an alibi defense), 10 (additional ineffective

12  assistance contentions), 11 (the trial court made an error in determining the sentence), and

13  12 (there was cumulative error) were not presented to the California Supreme Court.

14      The usual practice at this point would be to ask the petitioner whether he wants to

15  dismiss the petition and return to state court to exhaust the unexhausted claim, proceed with

16  the exhausted claims only, or move to stay the petition, exhaust the unexhausted claims and

17  then move to reopen the action.  *See Ford v. Hubbard*, 305 F.3d 875, 882–86 (9th Cir. 2002).

18  Petitioner, however, has indicated already that he prefers the final option.  (Pet.'s Mot. to

19  Stay, Docket No. 6.)

20      A district court may stay a mixed habeas petition, i.e., a petition containing both

21  exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as

22  to those claims that have not yet been presented to the state's highest court.  *See Rhines v.*

23  *Webber*, 544 U.S. 269, 277–78 (2005).  In *Rhines*, the Supreme Court discussed the

24  stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when

25  the district court determines there was good cause for the petitioner's failure to exhaust his

26  claims first in state court," the claims are not meritless, and there are no intentionally dilatory

27  litigation tactics by the petitioner.  *Id.*  If the stay is granted, the petitioner does not have to

28

No. C 14-0069 RS (PR)
ORDER STAYING PETITION

worry that his newly-exhausted claims will be barred by the statute of limitations because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

Petitioner's motion for a *Rhines* stay is GRANTED, good causing appearing therefor. The action is STAYED. Nothing further will take place in this action until the Court decides further action is appropriate, or until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves both to reopen this action and to lift the stay. Because this order addresses petitioner's and respondent's concerns, respondent's motion to dismiss (Docket No. 5) and petitioner's motion to show a rebuttable presumption (Docket No. 6) are DENIED. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action, and terminate Docket Nos. 5 and 6.

**IT IS SO ORDERED**.

DATED:  October 6, 2014

_____
RICHARD SEEBORG
United States District Judge

No. C 14-0069 RS (PR)
ORDER STAYING PETITION

United States District Court
For the Northern District of California