*E-Filed 7/20/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GLENN SUNKETT,

    Petitioner,

v.

WARREN MONTGOMERY, Warden,

    Respondent.

No. C 14-0069 RS (PR)

**ORDER DISSOLVING STAY AND REOPENING ACTION;**

**SECOND ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The amended petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the operative petition on or before October 25, 2015, unless an extension is granted.

The petition may be untimely. Petitioner was sentenced in 2010 and the instant habeas action was filed four years later, in 2014. Respondent is directed to consider first whether a motion to dismiss on grounds of untimeliness is the most appropriate first response to the petition. If he so concludes, he may file a motion to dismiss, though he is not required to do so.

## BACKGROUND

According to the petition, in 2009, a Mendocino County Superior Court jury convicted petitioner of robbery, kidnapping, burglary, making a criminal threat, false imprisonment by

violence, and possession of a firearm by a felon.  He was sentenced in 2010 to a term of 63 years in state prison.

The original petition was stayed so that petitioner could exhaust some claims in state court.  Petitioner since has filed an amended petition, which the Court construes as containing a motion to reopen.  So construed, the motion is GRANTED and the stay is DISSOLVED.  The action is REOPENED, and the Clerk is directed to amend the docket accordingly.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) the jury's verdict was erroneous because the scientific and technological evidence supported his alibi defense, which the Court construes as a claim that the jury did not abide by the beyond a reasonable doubt standard and as a challenge to the jury's credibility determination in favor of the prosecution; (2) the identification process used at trial violated his right to due process; (3) the trial court violated his right to due process by denying petitioner the opportunity to present a motion; (4) defense counsel rendered ineffective assistance; (5) the use of a jury instruction violated his right to due process; (6) his kidnapping convictions were not supported by sufficient evidence; (7) his sentence is incorrect; and (8) there was cumulative error.  When liberally construed, these claims are cognizable on federal habeas review.

# CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED**.

DATED: July 20, 2015

_____
RICHARD SEEBORG
United States District Judge